1
2
3
4
5
6

ANNETTE L. HAYES
United States Attorney
Western District of Washington
Kristin B. Johnson
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Telephone No. (206) 553-7970

7
8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

10
11
12
13
14
15

MICHAEL SUBLIE,

            Plaintiff,

            v.

UNITED STATES OF AMERICA, et. al.,

            Defendants.

No. C15-0266-SAB

**DEFENDANTS WENTZ AND
PHILLIPSON'S ANSWER**

16
17
18
19
20
21

        COMES NOW the Defendants, Joshua Wentz and Matthew Phillipson, by and

through their counsel, Annette L. Hayes, United States Attorney for the Western District

of Washington, and Kristin B. Johnson, Assistant United States Attorney for said

District and in answer to Plaintiff's Complaint states as follows:

22

**I.  PARTIES**

23
24
25
26

        1.1     Defendants are currently without knowledge or information sufficient to

form a belief as to the allegations in paragraph 1.1 of Plaintiff's Complaint and

therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

27
28

1.2     Defendants admit that Matthew Phillipson is a Park Ranger employed by the NPS.  Defendants deny the remaining allegations in paragraph 1.2 of Plaintiff's Complaint.

1.3     Defendants admit the allegations in paragraph 1.3 of Plaintiff's Complaint.

1.4     Defendants admit that on September 14, 2013, Matthew Phillipson and Joshua Wentz were Park Rangers employed by the NPS and that the NPS is an agency within the Department of the Interior.  The remaining allegations in paragraph 1.4 of Plaintiff's Complaint constitute conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

## II.  JURISDICTION AND VENUE

2.1     The allegations in paragraph 2.1 of Plaintiff's complaint are statements of jurisdiction that contain legal conclusions to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

2.2     The allegations in paragraph 2.2 of Plaintiff's complaint are statements of jurisdiction that contain legal conclusions to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

2.3     The allegations in paragraph 2.3 of Plaintiff's complaint are statements of venue that contain legal conclusions to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 2
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  ADMINISTRATIVE EXHAUSTION

3.1     Defendants restate and re-allege their responses to paragraphs 1.1 through 2.3 above.

3.2     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 3.2 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

### IV.  STATEMENT OF FACTS

4.1     Defendants restate and re-allege their responses to paragraphs 1.1 through 3.2 above.

4.2     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.2 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.3     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.3 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.4     Defendants admit that Rangers Wentz and Phillipson were on duty on September 14, 2013, and approached Mr. Sublie's houseboat in response to Mr. Sublie's violation of Park regulations and requested the violation cease.  Defendants deny the remaining allegations in paragraph 4.4 of Plaintiff's Complaint.

4.5     Defendants admit that Rangers Wentz and Phillipson interacted with Mr. Sublie, Mr. Hartinger, and Mr. Riley while they were on Mr. Sublie's houseboat.

Defendants admit that during that interaction Ranger Wentz was, at times, located on the gangplank connecting the houseboat and the beach and Ranger Phillipson was located on the beach.   Defendants deny the remaining allegations in paragraph 4.5 of Plaintiff's Complaint.

4.6     Defendants admit that Ranger Wentz requested Mr. Sublie's identification during the interaction.  Defendants deny the remaining allegations in paragraph 4.6 of Plaintiff's Complaint.

4.7     Defendants deny the allegations in paragraph 4.7 of Plaintiff's Complaint.

4.8     Defendants admit that Rangers Wentz and Phillipson repeatedly requested that Mr. Hartinger and Mr. Riley return to the cabin of the houseboat and that Mr. Hartinger eventually complied.  Defendants deny the remaining allegations in paragraph 4.8 of Plaintiff's Complaint.

4.9     Defendants deny the allegations in paragraph 4.9 of Plaintiff's Complaint.

4.10    Defendants deny the allegations in paragraph 4.10 of Plaintiff's Complaint.

4.11    Defendants admit that Ranger Wentz repeatedly requested that Mr. Sublie remove his hands from his pockets and that neither Ranger informed Mr. Sublie that he was under arrest at that point in the interaction.  Defendants deny the remaining allegations in paragraph 4.11 of Plaintiff's Complaint.

4.12    Defendants admit that Ranger Wentz grabbed Mr. Sublie's wrist at some point during the interaction.  Defendants deny the remaining allegations in paragraph 4.12 of Plaintiff's Complaint.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 4
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.13    Defendants admit that Ranger Phillipson deployed pepper spray on Mr. Sublie at some point during the interaction.  Defendants deny the remaining allegations in paragraph 4.13 of Plaintiff's Complaint.

4.14    Defendants admit that Ranger Wentz deployed his taser on Mr. Sublie at some point during the interaction and that it did not properly connect with Mr. Sublie. Defendants deny the remaining allegations in paragraph 4.14 of Plaintiff's Complaint.

4.15    Defendants admit that Ranger Phillipson fired his pistol at some point during the interaction and that the bullet from Ranger Phillipson's gun struck Mr. Hartinger.  Defendants deny the remaining allegations in paragraph 4.15 of Plaintiff's Complaint.

4.16    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.16 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.17    Defendants admit that Mr. Hartinger remained in the cabin of the houseboat for a period of time after being shot.  Defendants deny the remaining allegations in paragraph 4.17 of Plaintiff's Complaint.

4.18  Defendants admit that Ranger Phillipson immediately attempted to inform dispatch regarding the incident and that Ranger Wentz ordered Mr. Sublie off of the houseboat multiple times and that Mr. Sublie eventually complied.  Defendants deny the remaining allegations in paragraph 4.18 of Plaintiff's Complaint.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

4.19    Defendants admit that Ranger Wentz handcuffed Mr. Sublie while on the beach.  Defendants deny the remaining allegations in paragraph 4.19 of Plaintiff's Complaint.

4.20    Defendants admit that Mr. Hartinger was air-lifted to Sacred Heart Hospital in Spokane, Washington, where he received treatment for his gunshot wound. Defendants deny the remaining allegations in paragraph 4.20 of Plaintiff's Complaint.

4.21    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.21 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.22    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.22 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.23    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.23 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

4.24    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.24 of Plaintiff's Complaint and therefore deny the same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

## V.  CAUSES OF ACTION

5.1    Defendants restate and re-allege their responses to paragraphs 1.1 through 4.24 above.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 6
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

5.2     The allegations in paragraph 5.2 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.3     The allegations in paragraph 5.3 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.4     The allegations in paragraph 5.4 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.5     Defendants restate and re-allege their responses to paragraphs 1.1 through 5.4 above.

5.6     Defendants admit the allegations in paragraph 5.6 of Plaintiff's Complaint.

5.7     Defendants admit the allegations in paragraph 5.7 of Plaintiff's Complaint.

5.8     The allegations in paragraph 5.8 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.9     The allegations in paragraph 5.9 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 7
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

5.10    The allegations in paragraph 5.10 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.11    The allegations in paragraph 5.11 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.12    The allegations in paragraph 5.12 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.13    The allegations in paragraph 5.13 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.14    The allegations in paragraph 5.14 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.15    Defendants restate and re-allege their responses to paragraphs 1.1 through 5.14 above.

5.16    The allegations in paragraph 5.16 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 8
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

5.17    The allegations in paragraph 5.17 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.18    The allegations in paragraph 5.18 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

5.19    The allegations in paragraph 5.19 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent an answer is required Defendants deny said allegations and put Plaintiff to his proof.

## VI.  JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial under the Federal Tort Claims Act.  28 U.S.C. § 2402.

## VII.  PRAYER FOR RELIEF

No response is required to the allegations in Plaintiff's prayer for relief.  But to the extent an answer is required Defendants deny the allegations and specifically deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, and as defenses thereto, Defendants alleges as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST DEFENSE**

To the extent Plaintiff's Complaint addresses allegations of negligence not raised in an administrative claim properly presented to the appropriate federal agency, they are barred. 28 U.S.C. § 2675(a). Plaintiff's recovery, if any, is limited to the amount of an administrative claim which was properly presented to the appropriate agency. 28 U.S.C. § 2675(b).

**SECOND DEFENSE**

Plaintiff's claims are subject to the limitations of the Federal Tort Claims Act contained in 28 U.S.C. § 2680.

**THIRD DEFENSE**

Plaintiff's claims are barred by the discretionary function exception to the Federal Torts Claims Act. 28 U.S.C. §§ 2680(h).

**FOURTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Federal Tort Claims Act because if Defendants were private persons, they would not be liable to Plaintiff under Washington law.

**FIFTH DEFENSE**

The injuries and damages alleged in Plaintiff's Complaint were not actually or proximately caused by or contributed to by any intentional, negligent, or wrongful act or omission of Defendants or any agent, employee, or representative of the United States.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 10
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by the negligent acts or omissions, wrongdoing, or failure to exercise due care on the part of others over whom neither Defendants nor the United States has control.

## SEVENTH DEFENSE

The liability of Defendants and responsible parties, named or unnamed, if any should be apportioned according to their respective degrees of fault, and the liability of these Defendants, if any, should be reduced accordingly.

## EIGHTH DEFENSE

In the event Plaintiff is awarded a judgment against the United States, he is not entitled to prejudgment interest, punitive damages, or to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2674.

## NINTH DEFENSE

In the event Plaintiff is awarded attorney's fees against the United States for services rendered in connection with this action, they shall not exceed 25 per centum of the amount of any judgment. 28 U.S.C. § 2678.

## TENTH DEFENSE

All future damages, if any, must be reduced to present value.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, must be reduced by the percentage of fault this Court determines to be attributable to persons other than Defendants and the United States,

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 11
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

including but not limited to any and all rights to credit, offset, and/or contributions that Defendants and the United States may have against Plaintiff.

## TWELFTH DEFENSE

In the event Defendants are found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom Defendants and the United States cannot be held liable, broke any causal connection between the negligence of the United States and the Plaintiff's alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendants Wentz and Phillipson are barred by absolute immunity. *See* 28 U.S.C. § 2679.

## FOURTEENTH DEFENSE

Plaintiff's claims against Defendants Wentz and Phillipson are barred by qualified immunity.

## FIFTEENTH DEFENSE

Defendants reserve the right to any and all such affirmative defenses, or any applicable state and federal statutes, as may become apparent in the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint and having alleged certain affirmative defenses, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by his Complaint, and that Defendants be allowed costs and such other and further relief as the Court deems just and equitable.

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 12
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

1

DATED this 27th day of January, 2016.

2

3

Respectfully submitted,

4

ANNETTE L. HAYES
United States Attorney

5

6

*s/ Kristin B. Johnson*

7

KRISTIN B. JOHNSON, WSBA #28189

8

Assistant United States Attorney
700 Stewart Street, Suite 5220

9

Seattle, WA  98101-1271

10

Telephone No. (206) 553-7970
Fax No. (206) 553-4073

11

E-mail: kristin.b.johnson@usdoj.gov

12

Attorney for Defendants Wentz and Phillipson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 13
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Michael D. Franklin**          **Mfranklin@lukins.com**

And to the following non CM/ECF participants: N/A

                                *s/ Wendy D. Campbell*
                                WENDY D. CAMPBELL, Legal Assistant
                                United States Attorney's Office
                                700 Stewart Street, Suite 5220
                                Seattle, Washington 98101-1271
                                Phone: 206-553-7970
                                Fax:   206-553-4067
                                E-mail:  wendy.campbell2@usdoj.gov

DEFENDANTS' WENTZ AND PHILLIPSON'S ANSWER - 14
(C15-0266-SAB)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
(206) 553-7970